UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF NEW YORK *ex rel*. DR. ANTONI NARGOL and DR. DAVID LANGTON,<br><br>Plaintiffs-Relators,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., DEPUY, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 12-10896-LTS |

ORDER

November 20, 2017

SOROKIN, D.J.

Defendants' Motion to Strike (Doc. No. 220) is DENIED. The Circuit Court's decision (Doc. No. 204), rather than Plaintiffs' counsel's interpretation of it as expressed in the factual allegations in the Amended Complaint (Doc. No. 219), defines the scope of the claims remaining in this case and the criteria the Court will consider in evaluating any discovery disputes that arise between the parties in the course of this case.

As stated in Court at the Rule 16 conference on November 17, 2017, the parties shall submit a proposed protective order by December 8, 2017. They may submit either an agreed-upon order or a single order reflecting agreed-upon as well as disputed provisions (identifying in different colors, or another easily understandable method, the parties' respective proposals) and a joint statement containing an explanation of each party's positions. The Court will review the

proposal and promptly issue a ruling. Initial disclosures will occur on the January 8, 2018 date proposed by the parties in their joint submission on scheduling (Doc. No. 227).

The proposed discovery period suggested by the parties, with fact discovery running until May 31, 2019, is too long as a general matter and even more so here in the absence of any specified discovery. Accordingly, the Court establishes June 30, 2018 as the deadline for fact discovery. The parties may propose joint or separate subsidiary fact discovery deadlines in a supplemental joint statement to be filed by December 8, 2017. The supplemental joint statement may address the parties' positions on, and the basis for, exceeding the discovery limitations established by the Federal Rules of Civil Procedure.

The Court will hold a status conference at the conclusion of fact discovery and such further status conferences during the course of fact discovery as suggested by the parties or initiated by the Court. A period of expert discovery will follow fact discovery.

If Defendants are of the view that discovery should proceed first only as to matters relating to their public disclosure bar argument, they may file a motion for phased discovery, not to exceed five pages, identifying the factual basis supporting the conclusion that a strong dispositive motion based on the public disclosure bar may follow a period of phased discovery. A response to this motion for phased discovery, if filed, or a similar motion related to a further Rule 12(b)(6) motion as discussed at the Rule 16 Conference is due seven days after the filing by Defendants. Each response is also limited to five pages. Counsel shall meaningfully confer in advance of the filing of either of these motions just as they shall in advance of filing any motion.

                                  SO ORDERED.

                                  /s/ Leo T. Sorokin
                                  Leo T. Sorokin
                                  United States District Judge