UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THE UNITED STATES OF AMERICA and THE STATE OF NEW YORK *ex rel*. DR. ANTONI NARGOL and DR. DAVID LANGTON<br><br>Plaintiffs-Relators,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., DEPUY, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12-10896-LTS |

ORDER

December 14, 2017

SOROKIN, D.J.

The Court has reviewed the proposed Protective Order (Doc. No. 243-1) and the parties' related Joint Supplemental Discovery Statement (Doc. No. 242) explaining the language upon which they disagree. The Court rejects Relators' additional language for paragraph 5; adopts the timing proposed by Defendants for paragraph 7 (and suggests that the parties only litigate confidentiality when the designation impairs a party from actually using a document in a manner necessary for this litigation); rejects the language appearing in paragraph 12; adopts Relators' proposed additional language for paragraph 13(b); and adopts Defendants' version of paragraph 14(b), though the Relators may make specific application if the language actually prevents them from fairly presenting their case as to a given type of expert. The parties shall submit a conforming protective order within seven days for the Court's signature.

In light of the Joint Supplemental Discovery Statement, the default discovery limits established by the Federal Rules of Civil Procedure apply in this case, except that: (1) Relators may take up to fifteen depositions; and (2) each side may serve up to six document requests.

With respect to Defendants' Motion for Phased Discovery (Doc. No. 244), the Court is not persuaded, based on the assertions in Relators' Second Amended Complaint and in Defendants' Motion, that this case merits prioritization of the public disclosure bar and statutory bar questions for purposes of forming "a realistic assessment of the case" pursuant to Local Rules 26.3 and 16.1(d)(1)(b). At the same time, further delay in proceeding with full discovery in this matter is unwarranted and would unduly prejudice the Relators, in light of the appeal to the First Circuit and the longevity of this case. Accordingly, the Motion for Phased Discovery is DENIED. The parties shall complete discovery as specified in the Court's Order of November 20, 2017 (Doc. No. 234).[1] The Court will hold a status conference on February 15, 2018 at 2:00 p.m.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] The Court established June 30, 2018 as the deadline for fact discovery and invited the parties to propose joint or separate subsidiary fact discovery deadlines. Besides Defendants' proposal for an initial phase of discovery, the parties proposed no additional deadlines in their Joint Supplemental Discovery Statement.