IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE UNITED STATES OF AMERICA; and
THE STATE OF NEW YORK

*ex rel.* DR. ANTONI NARGOL & DR. DAVID
LANGTON,

                        Relators,

                        v.

DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,
and JOHNSON & JOHNSON SERVICES, INC.,

                        Defendants.

Case No. 12-10896-MPK

**RESPONSE TO RELATORS' OPPOSITION TO DEPUY'S
MOTION FOR IMPOUNDMENT UNDER LOCAL RULE 7.2**

      Defendants (collectively **DePuy**) submit this response to Relators' opposition (#446) to DePuy's motion for impoundment under Local Rule 7.2 (the **Impoundment Motion**, #445).

      Relators misconstrue the local rule governing the routine procedure in this District for filing sealed documents. DePuy's Impoundment Motion invokes Local Rule 7.2 in order to ensure that documents that Relators themselves have marked "Confidential" are not revealed to the public on the court docket in contravention of Paragraph 16 of the Stipulation and Order for the Production and Exchange of Confidential Information entered by the Court on January 8, 2018 (the **Protective Order**). There is no other procedure provided under the Local Rules to ensure the confidentiality of such documents in court filings, nor do Relators cite to any.

      The only local authority Relators cite in arguing that DePuy's approach is improper—Section S of the District of Massachusetts Case Management / Electronic Case Files Administrative Procedures (**APECF**)—is inapplicable to the Impoundment Motion as it pertains

to the "Submitting of Redacted Documents" on CM/ECF after a "party . . . request[s] or the court . . . require[s] the submission of documents that have been redacted/stripped of sensitive or confidential information in the submission." Moreover, the APECF makes clear that it is "intended to *supplement the local rules* of the United States District Court for the District of Massachusetts" and that "[u]nless modified by an order of the court, all . . . *local rules . . . shall continue to apply* to cases that are subject to electronic case filing." *Id.* at § A.1 (emphasis added). Local Rule 7.2, therefore, governs the Impoundment Motion and DePuy's request to file protected materials with the court under seal.

In addition, Relators incorrectly state that this Court has "endorsed" a "less restrictive approach" than the Impoundment Motion when it granted Relators' Motion to File a Redacted Response to Defendants' Sur-Reply with Redacted Exhibits. (##438; 439). In actuality, Relators were forced to seek an order *nunc pro tunc* permitting them to file redacted documents in connection with their sur-reply because they had failed to properly obtain the Court's permission prior to filing their brief. (*See* #438.)

Finally, Relators provide no basis for their contention that "during the period of impoundment, Relators would be prohibited from disclosing impounded documents that they themselves have designated as confidential—and, arguably, entire pleadings in which the documents are referenced—to potential co-counsel, witnesses, and other third-parties." (#446, at 2.) Not only do Relators not provide any support for this statement, but in so arguing, Relators disregard that the parties have agreed—and the Court has endorsed their agreement—that the parties are to follow the procedure provided under the local rules for the sealing of documents. (*See* Protective Order ¶ 16 ("If, in connection with any motion . . . any party intends to present . . . any documents or information designated as a "PROTECTED DOCUMENT" or "PROTECTED

DOCUMENT – ATTORNEYS' EYES ONLY", *such evidence shall be filed under seal to the extent permitted by applicable Court rules and procedure*.") (emphasis added).) Without waiving any other objections, DePuy nonetheless makes clear that it does not believe—and DePuy will not argue—that DePuy's act of filing redacted/sealed documents to the public docket in any way restricts Relators' ability to otherwise permissibly use the documents that they have produced in this action.

Quite simply, through the Impoundment Motion under Local Rule 7.2, DePuy seeks permission to file documents under seal where those documents have been designated as protected under the Protective Order in this case. By sealing these documents—and the portions of DePuy's brief that discuss these documents—these protected materials will not appear on the public court docket.

Accordingly, DePuy respectfully requests that this Court grant the Impoundment Motion (#445).

Dated: September 10, 2020					Respectfully submitted,

DEFENDANTS
DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,
JOHNSON & JOHNSON SERVICES, INC.

By their attorneys,


*/s/ Mark D. Seltzer*
Mark D. Seltzer, Esq.
(BBO No. 556341)
Hannah R. Bornstein, Esq.
(BBO No. 670433)
Colin T. Missett, Esq.
(BBO No. 706248)
NIXON PEABODY LLP
53 State Street
Boston, Massachusetts  02109
Telephone: (617) 345-1000

Adam R. Tarosky
(admitted *pro hac vice*)
Nixon Peabody LLP
799 9th Street NW
Suite 500
Washington, DC  20001-5327
Telephone: (212) 940-3000

## **CERTIFICATE OF SERVICE**

  I hereby certify that on September 10, 2020 I electronically filed the foregoing document with the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that the parties or their counsel of record registered as ECF Filers will be served by the CM/ECF system:

                */s/ Colin T. Missett*