IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA; and THE STATE OF NEW YORK<br><br>*ex rel.* DR. ANTONI NARGOL & DR. DAVID LANGTON,<br><br>Relators,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., DEPUY, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Case No. 12-10896-MPK |

## DEPUY'S RESPONSE TO RELATORS' MOTION TO SEAL (#489)

Defendants (collectively **DePuy**) submit this response to Relators' January 11, 2021 Motion to Seal Anticipated Filings and for Leave to Submit Certain Documents to the Court for *In Camera* Review (**Relators' Motion**) to clarify the scope of DePuy's assent to Relators' Motion.

To secure DePuy's assent to Relators' Motion, Relators' counsel represented that the purpose of submitting documents *in camera* was for the Court's "determination of whether and to what extent the communications may be produced to DePuy in redacted form." (*See* Exhibit A to the Declaration of Colin T. Missett in support of this Response, dated January 12, 2021 (**Ex. A**).) Instead, Relators' Motion went well beyond that description. Specifically, Relators now argue that the Court should grant the motion because, *inter alia*, "[t]he sealed and *in camera* submissions would permit Relators to substantiate representations they have made to the Court prior to and since Defendants' December 4, 2020 disclosure concerning the Pinnacle MoM

diagram Relators received in October 2013 and thereafter provided to the *qui tam* counsel that represented them at the time." (#489, at 1–2.) As DePuy has argued extensively in prior submissions, including its recent Status Report (#487, at 4–5 & n.1), Relators should not be permitted to use *in camera* submissions "to substantiate representations they have made to the Court" (#489, at 1). (*Cf.* #474, at 4–5 (citing *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846, 2015 WL 3863249, at *10 (N.D. Cal. June 19, 2015) ("While a court may review documents *in camera* to assess the scope of a privilege, the court may not rely on an *ex parte* and *in camera* review of documents to resolve an issue on the merits."); *Mauti v. Scuncio*, C.A. No. 08-054S, 2000 WL 35764269, at *1 (D.R.I. Sept. 15, 2000) (stating that "an *in camera* review of documents submitted *ex parte* in the context of a dispute regarding the applicability of a privilege is not improper," but that the Court has "an independent obligation to refrain from improper *ex parte* communications") (citing *Ass'n for Reduction of Violence v. Hall*, 734 F.2d 63, 65–66 (1st Cir. 1984))).)

      As DePuy wrote in response to Relators' email seeking assent, DePuy assents to Relators' proposal provided that "to the extent any communications Relators submit to the Court *in camera* remain privileged after the Court's review, we do not agree that any such communications can be used in support of arguments that Relators have made or intend to make in the future." (Ex. A.)

Dated: January 12, 2021					Respectfully submitted,

									DEFENDANTS
									DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,
									JOHNSON & JOHNSON SERVICES, INC.

									By their attorneys,


									*/s/ Mark D. Seltzer*
									Mark D. Seltzer, Esq.
									(BBO No. 556341)
									Hannah R. Bornstein, Esq.
									(BBO No. 670433)
									Colin T. Missett, Esq.
									(BBO No. 706248)
									NIXON PEABODY LLP
									53 State Street
									Boston, Massachusetts 02109-2835
									Telephone: (617) 345-1000

									Adam R. Tarosky, Esq.
									(admitted *pro hac vice*)
									NIXON PEABODY LLP
									799 9th Street NW, Suite 500
									Washington, DC 20001-5327
									Telephone: (202) 585-8000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 12, 2021, I electronically filed the foregoing document with the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that the parties or their counsel of record registered as ECF Filers will be served by the CM/ECF system:

                                     */s/ Colin T. Missett*