IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA and<br>THE STATE OF NEW YORK *ex rel.*<br>DR. ANTONI NARGOL and<br>DR. DAVID LANGTON,<br><br>        Plaintiffs-Relators,<br><br>v.<br><br><br><br>DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,<br>and JOHNSON & JOHNSON SERVICES, INC.,<br><br>        Defendants. | Case No. 12-10896-MPK<br><br>HONORABLE<br>M. PAGE KELLEY<br><br>**RELATOR'S MOTION<br>FOR AN EXTENSION** |

**RELATORS' MOTION FOR EXTENSION OF TIME
TO PRODUCE CERTAIN DOCUMENTS**

Relators Dr. Antoni Nargol and Dr. David Langton ("Relators") hereby respectfully move the Court for a two-week extension of time to produce "any further discovery concerning the motion to strike and dismiss the operative complaint" pursuant to the Court's January 19, 2021 Order (# 499).  Under Fed. R. Civ. P. 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

**I.    Relators' Motion for an Extension of Time to Produce Discovery**

On February 1, 2021, Defendants rejected Relators' request for an extension.  Defendants stated "[w]e expect to be able to provide Defendants' position on Relators' proposed motion on or before the close of business" on February 3, 2021 and demanded that Relators produce the discovery as scheduled.  See Ex. 1, February 1, 2021 Email from C. Missett to R. Brooks.

1

There is good cause for Relators' motion. Relators respectfully submit that the Court should extend Relators' time to produce any such further discovery pending the Court's assessment of material facts that Defendants have withheld from it and from Relators throughout this collateral proceeding. Relators submit that these facts confirm that Defendants should be entitled to either less discovery than anticipated, or no discovery at all.

Relators have learned since this Court's January 19, 2021 hearing that ***Defendants voluntarily disclosed the device dimensions at issue to the public months before the operative complaint was filed in May 2015.*** This means that, unless explained by metaphysics,[1] Defendants' statements to this Court that Relators' use of the dimensions in the Second Amended Complaint ("SAC") violated the January 5, 2015 Order of ASR Judge David A. Katz[2] ***were patently and knowingly false***. In contrast, Relators' repeated statements to the Court that Defendants' disingenuous weaponization of the Katz Order is a waste of this Court's time and resources, ***have been entirely accurate all along***.

Defendants' own admissions and Judge Katz's own express statements confirm that their "renewed motion to strike and dismiss" would both be futile and would do no more than prolong what has already been more than a year of pointless collateral litigation. Relators discovered Defendants' latest deception while collecting responsive documents regarding the document at issue: the document Defendants have described as "among the most important documents in the entire company" (#481 at 3), the "crown jewels, the secret sauce, the thing that distinguished

---

[1] *Cf.* January 19, 2021 H'ng Tr. at 94:12-16 ("I do think that this whole thing turns on some weird metaphysical definition of what is derived from the other case if they're given the exact same discovery and they have the exact same information to produce the exact same analysis").

[2] *See e.g.* # 481 ("This laundering of [the drawing at issue] constitutes a clear violation of the January 5, 2015 order issued by the late Honorable David A. Katz in the ASR MDL").

DePuy's product" from competitors (January 19, 2021 Tr. at 53:2-6) (the "Drawing"). Relators have learned that, quite to the contrary, Defendants *released the official version of the Drawing into the public domain* during one of the Pinnacle MDL bellwether trials *more than seven years ago* in October 2014.³ The official drawing revealed the very same device dimensions Defendants now claim irredeemably tainted a pleading Relators would not file until May 2015. In other words, *the dimensions were no longer confidential as of seven months before the SAC was filed and Relators' accompanying Declarations signed.*

Defendants will be unable to dispute that the SAC's incorporation of the information contained in the Drawing did not violate the Katz Order. Nearly six years ago, Defendants confirmed for Relators that their use of such a document earlier "produced in open court and thus made publicly available" in the SAC "will not violate the ASR or Pinnacle MDL Confidentiality Orders." See Ex. 2, April 1, 2015 Letter from M. Seltzer to R. Brooks at 2-3. Even had they not already conceded this point, Judge Katz has foreclosed them from doing so. During an April 16, 2015 Status Conference attended by both Mr. Seltzer and Defendants' ASR MDL Counsel, Judge Katz expressly stated that *it is "obvious" that "there is no breach of confidentiality when public information was used"* and that "[t]he risk of course is, is it public information.⁴"

Defendants' voluntary disclosure of the device dimensions that Relators incorporated into their complaint nearly seven months later *moots entirely* Defendants' argument that Dr.

---

³ The official drawing was part of the same document Relator Langton searched for in the Fall of 2013, the Pinnacle 510k. *See* #496 at 6-9. Defendants introduced the Pinnacle 510k, which included the official drawing, as Exhibit D-467 during the Herlihy-Paoli Trial on October 6, 2014. *See* Ex. 3, "Amended Exhibits List – Admitted at Trial" at 10; Ex. 4, Defendant Exhibit D-467 at D-567.17-24.

⁴ Emphasis is added. While Defendants' qui tam and ASR MDL counsel were both present, no transcript or other document officially recorded the conference because it was not held on the record. See Ex. 5. However, administrative staff with Relators' former counsel Sanford Heisler Sharp LLP took contemporaneous notes which confirm this verbatim quotation of Judge Katz.

Langton's receipt of the Drawing violated Judge Katz's Order in any way. For this same reason, the declarations Judge Saylor required Relators to sign that "the second amended complaint does not violate any relevant court order" (#101) *were entirely truthful and accurate.*[5] Relators' earlier proposed Motion to Amend the SAC is likewise moot, because there is no confidential information to be removed. Relators request a two-week extension of time to produce the discovery contemplated by #499 so that the Court may consider both the implications of Defendants' omission of this information, and Relators' additional requests for relief.

**II.     Relators Await Defendants' Response to Their Request that Defendants Meet and Confer Regarding Relators' Other Anticipated Motions**

On January 30, 2021, Relators advised Defendants that they intend to move for: (1) clarification of whether #499 requires Relators to produce discovery, including privileged communications, to avoid dismissal of the SAC for its use of *publicly available* information; and (2) an order replacing the operative briefing schedule for Defendants' motion to strike and dismiss with one for Relators' anticipated motion for partial summary judgment. To date, Relators have not been apprised of whether Defendants assent to or oppose either motion. While they await a response, Relators seek the Court's ruling on their motion for an extension sufficiently in advance of the February 5, 2021 deadline for them to select appropriate documents for production.

---

[5] Relator Langton's receipt of the Drawing did not violate the Pinnacle MDL Protective Order. Not only were the dimensions contained in the Drawing non-confidential at the time the SAC was filed, but Dr. Langton's receipt of it *before* either of the Relators signed the Pinnacle Protective Order eliminates any possibility of a violation of that Order, even had Defendants not publicized the information months before.

4

### III. Conclusion

Relators are mindful of the seriousness with which this Court has addressed Defendants' allegations of wrongdoing against Relators and their counsel. Respectfully, however, neither Judge Katz's Order nor Judge Saylor's Order prohibited Relators from using *nonconfidential* information to plead their complaint. As relevant to Dr. Sawyer's and Mr. Brown's disclosure of the Drawing to Dr. Langton, the Pinnacle MDL Protective Order provides a means for a party (such as MDL plaintiffs' counsel) to remedy an unauthorized disclosure of confidential information.[6] Likewise, Judge Kinkeade's July 18, 2014 Order provides a means for Relators to remedy an unauthorized disclosure of confidential information to third parties made during the Government's investigation. See #496 at Exhibit 18. Pursuant to that Order, Relators supplemented their July 28, 2014 *in camera* submission made to Judge Kinkeade on February 1, 2021. See Ex. 6, February 1, 2021 Letter to Hon. Judge Ed Kinkeade.

While we believe Relators' and MDL Counsel's required disclosures to Judge Kinkeade have the potential to adequately address the Court's concerns, we, of course, are prepared to produce any discovery that may be necessary for Relators' defense against Defendants' motion to strike and dismiss. By this motion, Relators respectfully move for an extension of two weeks so that they may benefit from the Court's clarification of its January 19 Order, and so that the Court may consider Relators' request regarding the briefing schedule. Relators' counsel will be prepared to discuss the foregoing issues during the February 5, 2021 hearing should the Court choose to include them as part of the day's agenda.

---

[6] The Pinnacle Protective Order requires parties to the Pinnacle MDL matter that "learn[] of any unauthorized disclosure of documents or information" to "immediately inform the Court in writing of all pertinent facts relating to such disclosure." See #106-2, Exhibit B at ¶ 19.

Dated:  February 2, 2021                           Respectfully submitted,


  */s/* Ross B. Brooks
Ross B. Brooks
(admitted *pro hac vice*)
THE BROOKS LAW FIRM, LLC
173 Huguenot Street Suite 200
New Rochelle, NY 10801
Telephone: (914) 821-6717
Facsimile: (914) 363-8723
ross@brooks-lawfirm.com

Justin Presnal
(admitted *pro hac vice*)
SIMMONS HANLY CONROY
5216 Cascades Drive
College Station, TX 77845
Telephone: (979) 224-2036
jpresnal@simmonsfirm.com

Jayne H. Conroy
Massachusetts Bar No. 546090
SIMMONS HANLY CONROY
112 Madison Ave., 7th Floor
New York, NY 10016
Telephone: (212) 784-6402
jconroy@simmonsfirm.com

W. Mark Lanier
(admitted *pro hac vice*)
THE LANIER LAW FIRM
6810 FM 1960 Rd W
Houston, TX 77069-3804
Telephone: (713) 659-5200
wml@lanierlawfirm.com

Richard J. Arsenault
(admitted *pro hac vice*)
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301

Telephone: (800) 256-1050
rarsenault@nbalawfirm.com

Grant E. Morris
(admitted *pro hac vice*)
LAW OFFICES OF GRANT MORRIS
1666 Connecticut Avenue NW, Suite 300
Washington, DC 20009
Telephone: (202) 499-5210
gmorris@sanfordheisler.com

*Counsel for Plaintiff-Relators*
*Antoni Nargol and David Langton*

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Relators Antoni Nargol and David Langton and counsel for Defendants in the above-referenced action have conferred in good faith in an effort to narrow or resolve the issues raised in this motion and that counsel for the Defendants have indicated that they do not consent to this motion.

　　　　　　　　　　　　　　　　　　　　 */s/ Ross Brooks*
　　　　　　　　　　　　　　　　　　　　 Ross B. Brooks

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, I electronically transmitted the foregoing document to the Clerk of the United States District Court using the CM/ECF system for filing and service on all parties and counsel.

                                                /s/ Ross B. Brooks
                                                Ross B. Brooks