IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA; and THE STATE OF NEW YORK<br><br>*ex rel.* DR. ANTONI NARGOL & DR. DAVID LANGTON,<br><br>Relators,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC., DEPUY, INC., and JOHNSON & JOHNSON SERVICES, INC.,<br><br>Defendants. | Case No. 12-10896-MPK |

**DEPUY'S EMERGENCY MOTION TO STRIKE RELATORS' OBJECTION BROUGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 46 AND TO REMOVE ECF NOS. 607-11 AND 607-12 FROM THE PUBLIC DOCKET**

Defendants (collectively, **DePuy**) respectfully submit this emergency motion to strike Relators' "objection," dated November 22, 2021, that they purport to bring under Federal Rule of Civil Procedure 46 (#607, **Relators' Objection**)—a rule that applies exclusively to trials—and to remove from the docket ECF Nos. 607-11 and 607-12, which contain information that this Court has expressly recognized is confidential and proprietary information, and subject to the protective order entered in this case (#249, the **Protective Order**). For the reasons set forth below, Relators' frivolous filing—which lacks any legal or procedural basis—disregards the Protective Order, the Federal Rule of Civil Procedure 11(b), and orders of this and other federal courts. Relators' Objection should be stricken in its entirety and the offending exhibits removed from the docket.

## ARGUMENT

**I. Relators' Objection Violates the Protective Order and Multiple Orders of This and Other Federal Courts.**

For the second time in the last 60 days, Relators have filed information to a public docket in glaring violation of the Protective Order and the orders of multiple federal judges, including an order this Court issued less than two weeks ago. Last time, Relators included the precise dimensions of the Pinnacle head in their September 30, 2021 filing even though DePuy had designated that information as confidential, thereby violating Paragraph 7 of the Protective Order (*see* #588, at 3; *see also* #593). This time, Relators have included as exhibits unredacted versions of documents from public websites that violate multiple court orders, including, most recently, this Court's November 10, 2021 Order on DePuy's Motion for Reconsideration (#605, the **M&O**), which dismissed this action with prejudice. In particular, the M&O found expressly that this information remains confidential to this day (*id.* at 20); but, with reckless indifference to that finding, and despite this Court's recent lament about Relators' inability to comply with their confidentiality obligations (*see* M&O, at *e.g.*, 25 n.20), Relators have filed documents containing this information to the public docket anyway. Moreover, as the Court knows from the parties' email exchange, Relators went ahead with filing Relators' Objection despite that DePuy did not assent to the submission (let alone assent to the filing of confidential information to the public docket), but instead advised Relators that they should seek leave of Court before proceeding.

In sum, Relators' proliferation of information in violation of the clear findings of this Court through the M&O, and of the orders of other federal judges (*see* M&O at *e.g.*, 2, 19–21, 22, 11 n.12, 25 n.20) should be strongly rejected. Accordingly, the Court should remove 607-11 and 607-12 from the public docket, and impose any additional sanctions the Court believes appropriate to deter Relators' conduct.

## II. Relators' Objection Should Be Stricken in its Entirety Pursuant to Federal Rule of Civil Procedure 11(b).

Relators' Objection should be stricken in its entirety for violating the requirements of Federal Rule of Civil Procedure 11(b) that all court submissions must be nonfrivolous, legally supportable, and presented for a proper purpose.

Rule 11(b) provides that by presenting a submission to the court "an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the . . . legal contentions are warranted by existing law or by a nonfrivilous argument" and the submission is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1), (2). Rule 11(c), in turn, provides that if Rule 11(b) has been violated "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1).

Relators' Objection amounts to an entirely frivolous submission for multiple independent reasons.

*First*, Relators' Objection lacks any procedural or legal basis. Unwilling to wait for the Court to issue the public version of the M&O from which Relators may seek relief, Relators purport to bring their "objections" under a Rule of Civil Procedure that cannot possibly apply to this case. Basic research reveals that Rule 46 is used exclusively in the trial setting and, specifically, that litigants "***cannot use Rule 46 as a predicate for making or opposing a motion for relief.***" *Retamar-Lopez v. Bd. of Educ. of the Dublin City Sch. Dist.*, No. 2:13-cv-0161, 2013 WL 12130342, at *1 (S.D. Ohio Sept. 23, 2013) (emphasis added); *see also id.* ("Rule 46 has nothing to do with briefing in relation to motions. Rather, Rule 46 relates to trial procedure and merely abolishes the necessity for formal exceptions to court rulings or orders.") (citing *Ellis v.*

3

*City of Chicago*, 667 F.2d 606, 610 (7th Cir. 1981)). In *McDonald v. Village of Palatine*, for example, a district court found that it "was not required to consider" a motion brought under Rule 46 that was in substance "a motion for reconsideration," calling it "frivolous" and noting that the arguments "were all soundly rejected by the Court" in a prior order dismissing its claims with prejudice. No. 08-cv-5435, 2012 U.S. Dist. LEXIS 24838, at *3 (N.D. Ill. Feb. 24, 2012). The same is, of course, true here. And numerous other courts have similarly found that Rule 46 applies exclusively to the trial setting. *See, e.g.*, *Smith v. United States*, No. 14-cv-0697, 2014 WL 11803713, at *1 (D.D.C. Aug. 27, 2014), *aff'd*, 611 F. App'x 726 (D.C. Cir. 2015) ("The instant motion is brought under Fed. R. Civ. P. 46, but that rule applies to trials, not the post-judgment order issued here."); *Njos v. Bureau of Prisons*, No. 3:12-CV-1251, 2017 WL 520555, at *1 (M.D. Pa. Feb. 8, 2017); ("This is inappropriate in that Rule 46 objections are to rules and orders made in trials."); *Roosevelt v. Griffin*, No. 6:15-CV-06738, 2018 WL 3422064, at *1 (W.D.N.Y. July 16, 2018) ("[Rule 46] applies to objections rulings by the district court during a trial and is inapplicable in this context.").

*Second*, even if the Court were to construe Relators' submission as an improperly filed motion for reconsideration, no relief would be warranted as it is binding Supreme Court precedent that courts may not address on reconsideration "new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Relators had countless opportunities to raise the belated and ill-conceived arguments set forth in Relators' Objection and to properly seek leave to file the offending exhibits (ECF Nos. 607-11 and 607-12) under seal. Even if Relators' new arguments had merit (and they do not, as DePuy is prepared to explain in detail, if necessary), Relators are afforded no further opportunities to argue these points now.

4

*Third*, although Relators' Objection purports to object to the redactions that DePuy has proposed to the Court, neither the arguments contained in the objection nor the offending exhibits have any bearing on the issue of what portions of the M&O should be redacted, which is the sole item on which the parties were to confer (#606). Following the M&O, the Court has now explicitly found that the Pinnacle head dimensions remain confidential information to this day (M&O at 25 n.20). As such, all of Relators' arguments that are unrelated to the issue of redactions are inapplicable. And in any event, to the extent Relators' submission is deemed a procedurally-improper motion for reconsideration, Relators have not—and cannot—point to a valid basis to overcome the Court's findings. *Cf*. *Ruiz Rivera v. Pfizer Pharm.*, LLC, 521 F.3d 76, 81–82 (1st Cir. 2008) ("A court appropriately may grant a motion for reconsideration 'where the movant shows a manifest error of law or newly discovered evidence.'") (citation omitted).

The lack of any legal or procedural basis for Relators' submission combined with their clear Protective Order violation discussed above (*see* Argument Section I, *supra*, pp. 2–3) establishes the submission's "improper" nature¸ *cf.* FED. R. CIV. P. 11(b). Relators' conduct manifested through this submission is especially egregious given this Court's recent explicit recognition that Relators have evidenced a pattern of disregarding court orders bearing on their confidentiality obligations throughout this litigation (M&O, at *e.g.*, 2, 22, 25 n.20), and the Court's specific denunciation of Relators' failure to comply with the Protective Order that necessitated DePuy's prior emergency motion (*id.* at 25 n.20). Relators clearly have not learned their lesson. Accordingly, the Court should strike Relators' Objection and impose any additional

sanctions it believes are warranted to deter Relators' unceasing inability to comply with their obligations imposed by the federal rules and the judges that enforce them.[1]

## CONCLUSION

For the reasons set forth above, the Court should remove 607-11 and 607-12 from the public docket. Moreover, Relators' latest attempt to drag out this litigation—even after their complaint has been dismissed—with an entirely frivolous motion without any legal or procedural basis should be strenuously rejected. Accordingly, Relators' Objection should be stricken and the Court should impose any additional sanctions it believes are warranted to deter Relators' conduct. Finally, DePuy respectfully requests that the Court post the version of the M&O that contains DePuy's proposed redactions to the public docket.

---

[1] As noted above, if the Court declines to strike Relators' procedurally improper "objection" in its entirety, DePuy intends to respond to Relators' submission via a separate opposition that would comprehensively address the substance of Relators' twelfth-hour arguments, and explain why they all lack merit.

Dated: November 23, 2021

Respectfully submitted,

DEFENDANTS
DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,
JOHNSON & JOHNSON SERVICES, INC.

By their attorneys,

*/s/ Mark D. Seltzer*
Mark D. Seltzer, Esq.
(BBO No. 556341)
Hannah R. Bornstein, Esq.
(BBO No. 670433)
Colin T. Missett, Esq.
(BBO No. 706248)
NIXON PEABODY LLP
53 State Street
Boston, MA  02109-2835
Telephone: (617) 345-1000

Adam R. Tarosky, Esq.
(admitted *pro hac vice*)
NIXON PEABODY LLP
799 9th Street NW, Suite 500
Washington, DC  20001-5327
Telephone: (202) 585-8000

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 23, 2021, I electronically filed the foregoing document with the United States District Court for the District of Massachusetts by using the CM/ECF system. I certify that the parties or their counsel of record registered as ECF Filers will be served by the CM/ECF system:

                                    */s/ Colin T. Missett*