UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA and<br>THE STATE OF NEW YORK | CIVIL ACTION No. 12-10896-MPK[1] |
| *ex rel.* DR. ANTONI NARGOL & DR. DAVID LANGTON,<br>    Relators, | |
| v. | |
| DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,<br>and JOHNSON & JOHNSON SERVICES, INC.,<br>    Defendants. | |

ORDER ON RELATORS' OBJECTION TO PROPOSED REDACTIONS (#607) AND
DEPUY'S MOTION TO STRIKE (#609).

KELLEY, U.S.M.J.

On November 10, 2021, the court docketed its memorandum and order on DePuy's motion for reconsideration under seal and ordered the parties to propose redactions before a public version would be made available. (##605, 606.) DePuy proposed redactions consistent with the court's memorandum and order but relators filed an objection to DePuy's proposal, citing Federal Rule of Civil Procedure 46. (#607.)

Given the substance of relators' objection, it could be viewed as "nothing more than an untimely response to [DePuy's] motion to dismiss" and motion for reconsideration. *Retamar-Lopez v. Bd. of Educ. of the Dublin City Sch. Dist.*, No. 2:13-cv-0161, 2013 U.S. Dist. LEXIS 196020, at *3 (S.D. Ohio Sep. 23, 2013) (striking Rule 46 objection). On the other hand, as DePuy

---

[1] With the parties' consent, this case has been assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (#318.)

notes in its motion to strike relators' objection (#609) and opposition to relators' objection (#628), relators' filing could be viewed as an improper motion for reconsideration because it rehashes arguments they made in opposition to the motion to dismiss and the motion for reconsideration. *See Fontanillas-Lopez v. Bauzá Cartagena*, 832 F.3d 50, 63-64 (1st Cir. 2016) (affirming district court's denial of a Rule 60(b) motion where party "rehashed" arguments and raised new arguments that could have been brought earlier); *Soto-Padró v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir. 2012) ("[A] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued.'" (quoting *Vega v. Cruz-Burgos*, 537 F.3d 14, 22 (1st Cir. 2008))); *National Metal Finishing Co. v. BarclaysAmerican/Com., Inc.*, 899 F.2d 119, 123 (1st Cir. 1990) ("Rule 52(b) is not intended to allow parties to rehash old arguments already considered and rejected by the trial court . . . ."). [2]

In addition, relators attempt to introduce new evidence (that was previously available) addressing these same issues. *Compare* ##607 and 607-1 (Presnal declaration), *with* ##555, 579, 594-2, and 597-11 (relators' briefs and related filings on DePuy's motion for reconsideration, none of which detail the Aoki or Andrews MDL trials that relators now discuss extensively in their objection and in the associated Presnal declaration). On a motion for reconsideration, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

As in their supplemental affidavit filed in opposition to the motion for reconsideration (#597-11 ¶ 18), relators again cite to a document used as a trial exhibit in the Pinnacle MDL (Ex.

---

[2] As DePuy notes in its opposition to relators' objection, even if relators' objection is interpreted as a motion for reconsideration, it does not address the multiple grounds supporting the court's decision to dismiss their complaint in its entirety. *See* ##605 (memorandum and order); 628 (DePuy's opposition).

433) that they claim contains the information at issue. (#607 at 2.)[3] First, like the other exhibit relators cited in their supplemental affidavit (##597-11 ¶ 18; 597-11); *see also* #605 at 11 n.12, this document was not uploaded to the website relators reference until 2018, three years after they filed their second amended complaint.[4] Second, the exhibit was the subject of a motion to redact that was granted in the MDL on the basis that "[n]arrowly tailored redactions to protect a party's proprietary interests are appropriate" and that use as a trial exhibit did not "constitute a complete waiver of the right to seek nondisclosure." (#529-6 at 5, 9.) Third, metadata for the document shows that it was provided to the website by an anonymous source and the document does not appear to reflect the redactions allowed by the MDL court. *See id.*; #607-11. Fourth, while relators did reference the 170-page exhibit in an April 2021 filing, that citation lacked a page reference directing the court to the contested information. (#541 at 7 & n.10.) Fifth, the page alleged to contain the information is nearly illegible. *See, e.g.*, ##540-3 at 110; 597-7 at 110; 607-11 at 110. Finally, relators do not claim to actually have used this document to form the basis of the allegations contained in their second amended complaint. *See* #597-11.

The court also notes that, although previously criticized for filing confidential materials on the public docket, (#605 at 25 n.20); *see also* ##588 (DePuy's emergency motion to seal); 589 (order allowing DePuy's motion), relators once again filed materials on the public docket containing information the court has already deemed confidential. (##607-11, 607-12.) DePuy was then obligated to file another emergency motion seeking to seal the materials, which the court

---

[3] The court notes that it permitted relators to file an affidavit *solely* to address the court's request that relators explain how they derived the contested information. (##581, 593). In addition to discussing that issue, however, relators also provided new information that was absent from their briefing on the motion for reconsideration. *See* #597-11.

[4] Industry Documents Library, *DePuy Pinnacle Metal on Metal Acetabular Cup Liners*, https://www.industrydocuments.ucsf.edu/drug/docs/#id=lpgn0226 (last visited Dec. 7, 2021).

granted in part. (##609, 610.)[5] The court understands that it is relators' position that these materials are not confidential, but relators are nonetheless bound by the court's conclusion that the information contained in those materials is confidential. *See* #605.

Relators' objection directly contradicts the court's findings and conclusions in its November 10, 2021 memorandum and order and is overruled. *Compare* #605, *with* #607. A redacted version of the memorandum and order, reflecting DePuy's proposed redactions, will be docketed. Accordingly, DePuy's motion to strike (#609) is ALLOWED in part and DENIED in part. The contested exhibits have been sealed; DePuy's remaining requests for relief are DENIED.

December 8, 2021                                    /s/ Page Kelley
                                                    PAGE KELLEY
                                                    Chief United States Magistrate Judge

---

[5] The balance of DePuy's emergency motion is addressed below.