UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE UNITED STATES OF AMERICA and
THE STATE OF NEW YORK                                    CIVIL ACTION No. 12-10896-MPK[1]

*ex rel.* DR. ANTONI NARGOL & DR. DAVID
LANGTON,
      Relators,

v.

DEPUY ORTHOPAEDICS, INC., DEPUY, INC.,
and JOHNSON & JOHNSON SERVICES, INC.,
      Defendants.

MEMORANDUM AND ORDER ON DEPUY'S
MOTION FOR ATTORNEYS' FEES AND COSTS (#643).

KELLEY, U.S.M.J.

    I.    Introduction.

      In May 2012, Dr. Antoni Nargol and Dr. David Langton brought this qui tam action against

DePuy Orthopaedics, Inc., DePuy, Inc., and Johnson & Johnson Services, Inc. (collectively,

DePuy) under the False Claims Act (FCA), 31 U.S.C. §§ 3729 *et seq.*, and the New York state

false claims act. (##1; 219.)[2] At issue was the metal-on-metal (MoM) hip replacement device

DePuy manufactured under its "Pinnacle" product line (the Pinnacle or the Pinnacle device). (#219

¶ 6.) Relators alleged that over a five-year period, DePuy illegally promoted and sold a significant

---

[1] With the parties' consent, this case has been assigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c). (#318.)

[2] The Department of Justice (DOJ) declined to intervene on behalf of the United States. (#32.) Previous claims arising under the laws of other states have been dismissed. *See* #204 at 31.

number of Pinnacle devices that fell outside FDA-approved manufacturing specifications, causing false claims to be submitted to Medicare and Medicaid. *See id.* ¶¶ 88, 104, 179-181, 349.

A key issue in this action was relators' role as experts and consultants in multi-district litigation (MDL) involving the Pinnacle device and another MoM hip replacement device manufactured by DePuy, called "ASR." In those roles, relators had access to confidential information subject to protective orders. (#103 at 18; #522-21.) Relators had been warned by multiple courts that they were required to comply with the protective and court orders that governed their use of that confidential information. *See, e.g.*, #101; #103 at 18; #249; #414. In addition, they had been chastised repeatedly for failing to comply with those orders. *See, e.g.*, #104 at 22, 27; #103 at 18; #414. In March 2021, DePuy moved to strike allegations and to dismiss the complaint, (#519), citing relators' use of confidential information in their second amended complaint as a basis for dismissal. The court denied the motion, (#542), but later allowed it on reconsideration, (#605). The court found that relators had violated their confidentiality obligations as well as several court orders pertaining to same and dismissed the action with prejudice under Federal Rule of Civil Procedure 41(b). *Id.*

DePuy has moved for attorneys' fees and costs associated with litigating this case between December 20, 2019, and the present. (#644 at 6.) Relators oppose the motion. (#673.) For the reasons discussed below, DePuy's motion for fees and costs (#643) is allowed in part.

II.    DePuy's Motion for Fees and Costs.

DePuy did not request attorneys' fees in connection with its motion to strike and dismiss or its motion for reconsideration. (##519; 522; 545; 546.) Instead, the relief requested was dismissal of relators' claims with prejudice, which the court granted. (#522 at 40; #546 at 11; #605 at 26.) DePuy now seeks its fees and costs from both relators and their counsel. (#644 at 5.)

"Parties to civil litigation are generally responsible for their own attorney's fees under the so-called 'American Rule.'" *Torres-Santiago v. Municipality of Adjuntas*, 693 F.3d 230, 234 (1st Cir. 2012). In some instances, however, certain rules and statutes, as well as the court's inherent authority, provide exceptions to this rule. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 66 (1st Cir. 2011). DePuy cites several sources of authority in support of their request: (1) 31 U.S.C. § 3730(d)(4); (2) Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2); (3) 28 U.S.C. § 1927; and (4) the court's inherent authority to order sanctions.[3]

A.     31 U.S.C. § 3730(d)(4).

DePuy seeks attorneys' fees and costs under the FCA, citing 31 U.S.C. § 3730(d)(4). (#644 at 15.) That provision provides that,

> [i]f the Government does not proceed with the action and the person bringing the action conducts the action, the court *may* award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

31 U.S.C. § 3730(d)(4) (emphasis added). Such an award is within the district court's discretion. *See Lu v. Harvard Sch. of Dental Med.*, No. 00-cv-11492, 2002 U.S. Dist. LEXIS 30683, at *11 (D. Mass. Mar. 29, 2002) (declining to exercise discretion in spite of conduct that met the standard articulated by § 3730(d)(4)); *see also Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006-1007 (9th Cir. 2002) (stating, in the context of a request by a prevailing defendant, that "[t]he award of fees under the False Claims Act is reserved for rare and special circumstances").

As a starting matter, DePuy must have "prevail[ed] in the action" to be eligible for attorneys' fees under § 3730(d)(4). "The 'prevailing party' is the party who 'prevailed on the merits

---

[3] DePuy also cited Federal Rule of Civil Procedure 54(d)(2), which is "the procedure for requesting attorney's fees" rather than a substantive basis for awarding them. *Thomas & Betts Corp. v. New Albertson's, Inc.*, 210 F. Supp. 3d 282, 286 (D. Mass. 2016).

of at least some of his claims.'" *Covidien LP v. Esch*, 427 F. Supp. 3d 152, 159 (D. Mass. 2019) (quoting *Spooner*, 644 F.3d at 66); *see Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 n.4 (2001) (noting that the Supreme Court interprets various "fee-shifting provisions consistently" when identifying a "prevailing party"). In non-FCA cases, courts in this district have found that a defendant in a case dismissed with prejudice is a prevailing party because "a dismissal with prejudice is tantamount to a judgment on the merits." *Lenfest v. Verizon Enter. Sols., LLC*, No. 13-cv-11596, 2015 U.S. Dist. LEXIS 26271, at *7 (D. Mass. Mar. 4, 2015). Outside of this district, courts reviewing fee requests have reached the same result on different grounds, focusing on whether "there [is] a 'judicially sanctioned change in the legal relationship of the parties'" to determine whether one party has prevailed. *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006) (quoting *Buckhannon Bd. & Care Home*, 532 U.S. at 605). In the context of § 3730(d)(4), courts taking this approach have found that dismissal with prejudice renders such a change, because a plaintiff is no longer able to assert legal claims against the defendant. *See, e.g.*, *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1057 (10th Cir. 2004) (finding defendant to be prevailing party for purposes of § 3730(d)(4) where action was dismissed for lack of jurisdiction and relator could no longer bring claims, thus changing legal relationship of the parties); *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 528 F. Supp. 2d 533, 542-543 (E.D. Pa. 2007) (finding defendant to be prevailing party where FCA case was functionally dismissed with prejudice). Under either rubric, the court finds that DePuy is the prevailing party.

For purposes of § 3730(d)(4), "[a] claim is frivolous when, viewed objectively, it may be said to have no reasonable chance of success and present no valid argument to modify present law." *United States ex rel. Bierman v. Orthofix Int'l, N.V.*, 113 F. Supp. 3d 414, 429 (D. Mass.

2015). "Vexatious and harassing claims are those instituted maliciously or without good cause." *Atkinson*, 528 F. Supp. 2d at 544. The court cannot find that relators' claims were "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4). This case was dismissed due to relators' violations of court orders, not because the court found their claims lacked merit or were brought for an improper purpose. In addition, relators' claims were similar in substance to successful MDL cases brought against DePuy, which suggests that their claims were not completely baseless.[4] Awarding fees and costs under the FCA would therefore be inappropriate. *See Atkinson*, 528 F. Supp. 2d at 543 (declining to deem relator's claims lacking in merit or vexatious without evidence that his claims "were so unfounded as to meet the high standard required to award attorney fees and expenses under § 3730(d)(4)").

B.   Federal Rule of Civil Procedure 37(b)(2).

DePuy seeks sanctions under Rule 37 for discovery abuses. (#644 at 22.) Under Rule 37(b), instead of or in addition to other enumerated sanctions, a "court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).[5]

The court dismissed this action under Rule 41(b), citing relators' failure to comply with court orders. (#605 at 21-25.) It did not dismiss the action as a sanction for discovery abuses under

---

[4] DePuy contends that, had relators revealed that the SAC was based on confidential information when it was filed in 2015, the SAC could not succeed. (#644 at 16-17.) That it could not succeed because it contained confidential information is not equivalent to being frivolous or meritless.

[5] Rule 37(a)(5)(A), also cited by DePuy (#644 at 5, 22), mandates attorneys' fees and costs in connection with a successful motion to compel discovery or disclosure. Fed. R. Civ. P. 37(a)(5)(A). That rule was not the basis for the motion DePuy brought before the court and so would be an inappropriate basis for levying fees. *See* #519 (DePuy's motion to strike and dismiss); #522 (memorandum in support, which does not cite Rule 37(a)).

Rule 37(b), which was an alternative form of relief that DePuy sought in its motion to strike and dismiss. *See* #522 at 11 (listing dismissal under Rule 41(b) and Rule 37(b)(2)(A)(iii) as alternative bases for relief). There is therefore no basis for awarding fees or costs under Rule 37.

      C.      28 U.S.C. § 1927.

      DePuy also requests fees against counsel for relators, citing 28 U.S.C. § 1927, which provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. That section "does not apply to '[g]arden-variety carelessness or even incompetence,' but instead requires that the 'attorney's actions . . . evince a studied disregard of the need for an orderly judicial process, or add up to a reckless breach of the lawyer's obligations as an officer of the court.'" *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 245-246 (1st Cir. 2010) (alterations in original) (quoting *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008)). "A finding of bad faith is not essential, but it is a 'telltale' indication of sanctionable conduct." *Viscito v. Nat'l Planning Corp.*, No. 18-cv-30132, 2020 U.S. Dist. LEXIS 131235, at *20 (D. Mass. July 24, 2020) (quoting *Jensen*, 546 F.3d at 64).[6]

      "A sanctioning court must determine which fees were incurred because of, and solely because of, the misconduct at issue . . . ." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178,

---

[6] Relators contend that DePuy's request for fees under § 1927 is untimely (#673 at 4), however courts have found that motions filed within a reasonable time after judgment are timely. *See, e.g.*, *Lewis v. Smith*, 480 F. App'x 696, 699 (3d Cir. 2012) (holding that § 1927 motion for fees may be filed within a reasonable time after judgment (citing *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 102 (3d Cir. 2008))); *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006) (holding "that § 1927 sanctions are not untimely if sought or imposed after final judgment"). DePuy filed its motion within a reasonable time: fourteen days after the court's entry of judgment.

1189 (2017); *see id.* at 1186 at n.5 (noting that "[r]ule-based and statutory sanction regimes similarly require courts to find . . . a causal connection before shifting fees"). It is unclear whether the issues described in the court's memorandum and order dismissing this action were attributable to relators or their counsel. Where dismissal eliminated both relators' and their counsel's ability to seek an award should they have prevailed on their FCA claims, assessing an additional sanction against counsel—beyond dismissal with prejudice—would be unjust. All the more so given the limited information available to the court to assess counsel for relators' culpability for the abuses described in the court's memorandum and order. *See* #605 at 21-25. The court will therefore not award fees or costs under § 1927.

    D.    <u>The Court's Inherent Authority to Sanction.</u>

As a final alternative basis for awarding fees, DePuy asks the court to use its inherent authority to award it fees as a sanction for relators' conduct. (#644 at 15.)

"A court may award sanctions upon finding that a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *F.A.C., Inc. v. Cooperativa De Seguros De Vida De P.R.*, 563 F.3d 1, 6 (1st Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). "Because of its potency, 'a court's inherent power to shift attorneys' fees 'should be used sparingly and reserved for egregious circumstances.'" *Id.* (quoting *Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 13 (1st Cir. 1995)); *see Chambers*, 501 U.S. at 44 ("Because of their very potency, inherent powers must be exercised with restraint and discretion.").

The court dismissed relators' claims with prejudice under Rule 41(b) as a sanction for litigation conduct. (#605 at 21-25); *see Chambers*, 501 U.S. at 50 ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."). As the court noted in its

memorandum and order, dismissal with prejudice is a "severe sanction." (#605 at 22 (quoting *Humphrey v. Comoletti*, No. 15-cv-14170, 2018 U.S. Dist. LEXIS 94000, at *7 (D. Mass. June 5, 2018))). Accordingly, relators have already been sanctioned such that awarding attorneys' fees as an additional punishment would be excessive. *Cf. Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1184-1185 (noting that district court awarded fees as a sanction for defendant's misconduct under court's inherent powers where case had already settled and court could therefore not order default judgment in plaintiff's favor, which would have been district court's preferred sanction).

      E.     <u>Costs Under Rule 54(d)(1)</u>.

Federal Rule of Civil Procedure Rule 54(d)(1) provides that, "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As discussed above, DePuy is the prevailing party. *See Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004) (holding that, where claims were dismissed with prejudice, defendant was prevailing party for purposes of Rule 54(d)(1)); *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003) (holding that "voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the meaning[[of Rule ]]54." (alteration in original)); *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 71 (S.D.N.Y. 2015) (finding defendant to be the prevailing party for purposes of Rule 54(d)(1) where case was dismissed with prejudice).

Rule "54(d)(1) allows costs other than attorney's fees to the prevailing party as a matter of course unless the court directs otherwise . . . ." *O'Ferral v. Trebol Motors Corp.*, 45 F.3d 561, 564 (1st Cir. 1995). The rule "creates a presumption favoring recovery of costs by prevailing parties." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014). "Nevertheless, before such a grant may be made, the Court must still independently assess whether the costs sought to

be reimbursed are in fact reasonable." *EEOC v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 360 (D. Mass. 2013).

"Congress has enumerated the type of expenses that a federal court 'may tax as costs.' Rule 54(d) works in tandem with the statute." *In re San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 962 (1st Cir. 1993) (citation omitted) (citing 28 U.S.C. § 1920); *see id.* at 964 ("Rule 54(d) cannot be stretched beyond the parameters defined in section 1920."); *see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006) ("Rule 54(d) does not give a district judge 'discretion to tax whatever costs may seem appropriate'; rather, the term 'costs' in Rule 54(d) is defined by the list set out in § 1920." (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987))). These costs include:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.[7]

---

[7] For the avoidance of doubt, the court notes that the enumerated costs in § 1920 do not include expert fees. *See Specialty Retailers, Inc. v. Main St. NA Parkade, LLC*, 804 F. Supp. 2d 68, 76 (D. Mass. 2011) ("In this circuit, it is well settled that 'allowable costs are specifically set out in 28 U.S.C. § 1920,' and that 'expert witness fees are not recoverable under 28 U.S.C. § 1920 or Rule 54.'" (citations omitted) (first quoting *Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988); then quoting *Sheehy v. Town of Plymouth*, No. 95-cv-12425, 2001 U.S. Dist. LEXIS 993, at *8 (D. Mass. Jan. 18, 2001))); *see also Gortat v. Capala Bros.*, 795 F.3d 292, 296 (2d Cir. 2015) (not allowing recovery for expert witness fees where § 1920 did not allow them); *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) (holding that "expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them.").

DePuy may submit supplemental documentation outlining its reasonable costs, consistent with Rule 54(d)(1) and 28 U.S.C. § 1920, within sixty days. Relators will then have thirty days to file any objection to the supplemental documentation. Because relators have appealed the court's dismissal of their case, the court will hold its review of this supplemental briefing on costs in abeyance pending disposition of their appeal. *See Osorio v. One World Techs., Inc.*, 834 F. Supp. 2d 20, 22 n.1 (D. Mass. 2011) (noting that motion for bill of costs was held in abeyance pending appeal).

III.   <u>Conclusion</u>.

DePuy's motion for attorneys' fees and costs (#643) is ALLOWED in part. DePuy is awarded reasonable costs consistent with Rule 54(d)(1) and 28 U.S.C. § 1920. The amount of that award will be determined after DePuy submits supplemental briefing setting out its costs.

January 24, 2022                                   <u>/s/ Page Kelley</u>
                                                   PAGE KELLEY
                                                   Chief United States Magistrate Judge